WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Hickle,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | No. CV-16-00623-PHX-ESW<br><br>**ORDER** |

Pending before the Court is Michael Hickle's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 13).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 25, 29, 34),[1] the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II, the decision is

reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and

---

[2] *Parra*, 481 F.3d at 746.

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1960, has been employed as a truck driver and laborer. (A.R. 59, 120). In April 2013, Plaintiff filed an application for disability insurance benefits. (A.R. 224-25). Plaintiff's application alleged that on March 7, 2013, he became unable to work due to (i) chronic pain in his back, legs, and arms; (ii) left arm injury; (iii) renal insufficiency; (iv) depression; and (v) anxiety. (A.R. 120-21). Social Security denied the application on September 27, 2013. (A.R. 161-64). In March 2014, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 165-69). Plaintiff sought further review by an ALJ, who conducted a hearing in March 2015. (A.R. 38-65, 170-71).

In her April 30, 2015 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 15-31). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6, 10-11). On March 7, 2016, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

**B. The ALJ's Application of the Five-Step Disability Analysis**

**1. Step One: Engagement in "Substantial Gainful Activity"**

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 7, 2013, the alleged disability onset date, through December 31, 2014, the date last insured. (A.R. 20). Neither party disputes this determination.

**2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments**

The ALJ found that Plaintiff has the following severe impairments: (i) coronary artery disease status post stenting; (ii) affective disorder; and (iii) polysubstance dependence in remission. (A.R. 20). This determination is undisputed.

**3. Step Three: Presence of Listed Impairment(s)**

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 22). Neither party challenges the ALJ's determination at this step.

**4. Step Four: Capacity to Perform Past Relevant Work**

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), except that
> [Plaintiff] could never climb ladders, ropes, or scaffolds, and could frequently climb ramps or stairs. [Plaintiff] could frequently crouch, and could occasionally kneel, and crawl. [Plaintiff] was required to avoid concentrated exposure to dangerous machinery with moving, mechanical parts (except vehicles), and was required to avoid concentrated exposure to unprotected heights that were high or exposed. [Plaintiff]

was limited to tasks that could be learned by demonstration within 30 days.

(A.R. 24). Plaintiff argues that the ALJ improperly weighed the evidence in assessing Plaintiff's RFC, but the parties do not dispute the ALJ's determination at Step Four that Plaintiff is unable to perform his past relevant work. (A.R. 29).

### 5. Step Five: Capacity to Perform Other Work

At the administrative hearing, a vocational expert ("VE") testified that based on Plaintiff's RFC, Plaintiff would be able to perform the requirements of representative occupations such as a dining room attendant, driver helper, cleaner/housekeeper, marker, and cashier. (A.R. 61-62). The ALJ found that the VE's testimony was consistent with the information in the Dictionary of Occupational Titles and that the jobs identified by the VE existed in significant numbers in the national economy. (A.R. 30). After considering the VE's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff can make a successful adjustment to other work and is therefore not disabled. (*Id.*). Plaintiff asserts that due to restrictions not accounted for in the ALJ's RFC assessment, he is unable to engage in any work.

### C. The ALJ Failed to Provide Specific, Clear, and Convincing Reasons for Rejecting Plaintiff's Testimony Regarding his Symptoms

When evaluating the credibility of a plaintiff's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The plaintiff does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a plaintiff must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a plaintiff meets the first step, and there is no affirmative evidence of malingering, the ALJ can only reject a plaintiff's testimony about the severity of his or

her symptoms by offering specific, clear, and convincing reasons. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a plaintiff's credibility, the ALJ can consider many factors including: a plaintiff's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the plaintiff's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence).

In March 2016, the Social Security Administration issued Social Security Ruling 16-3p, 2016 WL 1119029 (March 16, 2016) ("SSR 16-3p"), which provides new guidance for ALJs to follow when evaluating a disability claimant's statements regarding the intensity, persistence, and limiting effects of symptoms. SSR 16-3p replaces Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996) ("SSR 96-7p"). SSR 16-3p eliminates the term "credibility" used in SSR 96-7p in order to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p, 2016 WL 1119029, at *1. That is, "[t]he change in wording is meant to clarify that administrative law judges aren't in the business of impeaching claimants' character," but "obviously administrative law judges will continue to assess the credibility of pain *assertions* by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Although SSR 16-3p was issued almost one year after the ALJ's April 2015 decision, it is consistent with Social Security's prior policies and with prior Ninth Circuit case law. *Compare* SSR 16-3p with SSR 96-7p (both policies set forth a two-step process to be followed in evaluating a claimant's testimony and contain the same factors to be considered in determining the intensity and persistence of a claimant's symptoms).

Because 16-3p clarifies rather than changes existing law,[3] the Court will consider the ALJ's evaluation of Plaintiff's subjective complaints in light of SSR 16-3p.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (A.R. 26). As discussed below, the ALJ committed harmful error in discounting Plaintiff's symptom testimony.

The ALJ gave several reasons for finding Plaintiff's testimony not credible. First, the ALJ stated that "[o]bjective medical evidence does not support the level of limitation alleged by the claimant." (A.R. 26). Although an ALJ may consider a lack of objective evidence as one element in his or her analysis, a claimant's testimony of disabling pain cannot be discredited "merely because [it is] unsupported by objective evidence." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[O]nce the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."). As explained below, the ALJ's other reasons for finding Plaintiff's testimony not credible are not clear and convincing. The lack of objective medical evidence corroborating the severity of Plaintiff's symptoms is not a sufficient sole reason for rejecting Plaintiff's testimony.

---

[3] Administrative rules will not have retroactive effect unless (i) Congress expressly authorized the administrative agency to enact retroactive rules and (ii) the new agency rule states that it is retroactive. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). A clarification of a regulation, however, does not raise issues about retroactivity. *See Clay v. Johnson*, 264 F.3d 744, 749 (7th Cir. 2001) (stating that a clarifying rule "can be applied to the case at hand just as a judicial determination construing a statute can be applied to the case at hand," and does not raise issues of retroactivity); *see also Smolen*, 80 F.3d at 1281 n.1 ("We need not decide the issue of retroactivity [as to revised regulations] because the new regulations are consistent with the Commissioner's prior policies and with prior Ninth Circuit case law . . . .").

As a second reason for discounting Plaintiff's testimony, the ALJ stated that Plaintiff has "treated his physical symptoms almost exclusively with narcotic pain medication" and that "[t]his treatment has been effective in improving the claimant's pain (Exhibits B2F, p. 4; B25F, p. 17)." (A.R. 26). The record indicates that Plaintiff's narcotic pain medication has provided relief. (A.R. 622) ("Patient reported pain is under control with Celebrex 200 mg and Norco, and he is requesting refill on them for management of pain."). However, at the March 9, 2015 administrative hearing, Plaintiff testified that the medication impacts his memory and ability to focus. (A.R. 43, 55-56). "[L]ike pain, side effects can be a 'highly idiosyncratic phenomenon' and a claimant's testimony as to their limiting effects should not be trivialized." *Varney v. Secretary of HHS*, 846 F.2d 581, 585 (9th Cir. 1987). If an ALJ "chooses to disregard a claimant's testimony as to the subjective limitations of side effects, he [or she] must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medication(s)." *Id.*; *see also Erickson v. Shalala*, 9 F.3d 813, 817-18 (9th Cir. 1993) (explaining that an "ALJ must consider *all factors* that might have a 'significant impact on an individual's ability to work' including side effects of medication) (emphasis in original) (quoting *Varney*, 846 F.2d at 585)); 20 C.F.R. § 404.1529(c)(3)(iv) ("Factors relevant to your symptoms, such as pain, which we will consider include . . . [t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms[.]").

Plaintiff's testimony regarding the alleged side effects from his medication is consistent with the record. For instance, Plaintiff's treating physician, Dr. Rahul Malhotra, stated that a side effect of Plaintiff's prescribed medications is memory problems. (A.R. 807). Another treating physician, Dr. Harslmran Singh, stated that Plaintiff's pain medication "can cause drowsiness and/or impair judgment." (A.R. 779). In the context of discussing Plaintiff's mental functioning, the ALJ stated that Plaintiff's "reports of confusion and memory loss are not supported to the extent alleged." (A.R.

26). The ALJ's decision does not address Plaintiff's testimony regarding his diminished ability to focus. The ALJ's decision also does not specifically address Plaintiff's testimony that his diminished memory and ability to focus are a side effect of his medication. As discussed below, the ALJ did not provide clear and convincing reasons for discounting Plaintiff's testimony regarding his confusion and memory issues. The ALJ erred by failing to properly address the alleged side effects of Plaintiff's medication.

For the above reasons, the Court finds that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony regarding his physical impairments.

> With respect to Plaintiff's mental health, the ALJ stated that:
> [T]he claimant did not begin formal mental health treatment until May of 2014, inconsistent with what would be expected, given the severity alleged throughout the adjudicatory period (Exhibit B23F). Substantial evidence does not support this reading of the record. When the claimant finally began seeking mental health treatment, his symptoms improved (Exhibit B23F, pp. 17, 20, 21, 23).

(A.R. 26). The fact that Plaintiff has had limited mental health treatment is not a sufficient sole reason to discount the alleged severity of Plaintiff's mental impairments. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.") (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

In rejecting Plaintiff's testimony regarding the severity of his memory and confusion issues, the ALJ stated that "Phoenix Heart records and Terros records show no corroboration for the alleged severity of confusion/memory loss (B14F, B17F, B20F, B25F, B26F, B23F, and B28F). It is also noted that his brain computed tomography scan (CT) scan was normal (B30F/3)." (A.R. 26). To reiterate, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to

fully corroborate the claimant's allegations." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The record reflects that Plaintiff is on prescription antidepressants, has consistently reported loss of memory, feeling depressed, angry/irritable, fatigued, and has exhibited moods described as depressed, irritable, dysphoric, and anxious. (*See, e.g.*, A.R. 572, 598, 600, 601, 693, 726-28, 751, 789, 809, 815, 816, 819). While a few records indicate an improvement in Plaintiff's mental health (*e.g.* A.R. 611), "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

"The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony regarding his mental impairments.

### D. The ALJ Failed to Provide Valid Reasons for Discounting the Opinion of Treating Physician Dr. Rahul Malhotra

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without

- 11 -

first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson*, 359 F.3d at 1195; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

Plaintiff's treating cardiologist, Rahul Malhotra, MD, opined that Plaintiff suffers from shortness of breath, chest pain, leg edema, poor concentration, memory deficit, and forgetfulness. (A.R. 806). Dr. Malhotra assessed that in an eight-hour workday, Plaintiff cannot sit for more than two hours, cannot stand/walk for more than two hours, cannot lift or carry more than ten pounds, can bend and stoop no more than 20% percent of the day, can reach and use his hands and feet 21% to 33% of the day, and would be off task greater than 21% of the day. (A.R. 806-07). Dr. Malhotra also stated that Plaintiff "is limited in activities of daily living and needs to be monitored closely due to his confusion. He continues to have anginal symptoms with chest pain and shortness of breath. He has some good days and some bad days but overall is recommended not to return to work." (A.R. 808). Because Dr. Malhotra's opinion is controverted by other physicians, [4] the ALJ cannot discount Dr. Malhotra's opinion without providing specific and legitimate reasons.

The ALJ gave Dr. Malhotra's opinions little weight. (A.R. 27). First, the ALJ stated that "Dr. Malhotra's opinion most often indicates confusion and memory loss as the justification for the limitations assigned. However, Dr. Malhotra is not a specialist in this area." (*Id.*). While the opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a non-specialist, it is improper for the ALJ to discount Dr. Malhotra's opinions solely because he specializes in cardiology rather than another area, such as neurology. *See Lester*, 81 F.3d at 833 (ALJ

---

[4] For instance, Dr. Malhotra's opinions are contradicted by Jean Goerss, M.D., who concluded that Plaintiff could perform a range of medium work. (A.R. 130-32).

may not disregard a doctor's opinion as to claimant's mental functioning for the reason that the doctor is not a mental health specialist); *Kennelly v. Astrue*, 313 F. App'x 977, 978 (9th Cir. 2009) (ALJ could not discount doctor's testimony regarding claimant's mental impairments solely because the doctor was not a mental health specialist). As the Ninth Circuit has explained, "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight." *Lester*, 81 F.3d at 833. "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Id.*

Second, the ALJ stated that Dr. Malhotra "assigns manipulative limitations without objective neurological testing supporting such limitations." (A.R. 27). This is not a specific and legitimate reason for giving Dr. Malhotra's opinions little weight. An ALJ "is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments." *Lester*, 81 F.3d at 832-33.

Lastly, the ALJ concluded that Dr. Malhotra's opinion is "inconsistent with the overall medical record, including his own findings." (A.R. 27). The ALJ found that two records in which Dr. Malhotra concluded that Plaintiff's coronary artery disease was stable conflicted with Dr. Malhotra's opinion that "cites angina symptoms as rationale for the limitations provided (Exhibits B26F, p. 5, 15; B27F, p. 3)." (A.R. 27). "Exhibit B26F, p. 5" referenced by the ALJ is a February 2015 treatment record in which Dr. Malhotra concluded that Plaintiff's coronary artery disease is "[s]table with minimal anginal symptoms." (A.R. 793). "Exhibit B26F, p. 15" is a July 2014 treatment record in which Dr. Malhotra found that Plaintiff's coronary artery disease is "[s]table however possible microvascular disease therefore would continue with ranexa." (A.R. 803). Because these records do not indicate the complete elimination of anginal symptoms,

they do not conflict with Dr. Malhotra's February 11, 2015 opinion (referenced by the ALJ as "Exhibit B27, p.3"), which explains that Plaintiff "has an extensive cardiac history which includes ischemic heart disease, ongoing anginal symptoms, obstructive sleep apnea, hypertension, dyslipidemia, balance issues, memory loss, intermittent confusion, dizziness with intermittent vertical." (A.R. 808). The ALJ's final reason for discounting Dr. Malhotra's opinion does not meet the specific and legitimate standard.

For the above reasons, the Court finds that the ALJ failed to provide specific and legitimate reasons for assigning little weight to Dr. Malhotra's opinion. The ALJ's errors in weighing Plaintiff's symptom testimony and Dr. Malhotra's opinion are harmful and alone require remand. The Court therefore does not address Plaintiff's arguments regarding the other alleged errors in the ALJ's decision.

### E. The Case Will Be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.
>
> 2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id*. at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. At the administrative hearing, the VE testified that if an individual were to miss three or more days of work a month, he or she would not be able to retain employment. (A.R. 97). Dr. Malhotra opined that Plaintiff would miss six days of work each month. (A.R. 807). The VE's testimony establishes that if Dr. Malhotra's opinion was credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings

to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective March 7, 2013 (the disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective March 7, 2013.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 2nd day of May, 2017.

_____
Eileen S. Willett
United States Magistrate Judge